In re: ORMOND BEACH ASSOCIATES LIMITED PARTNERSHIP, Debtor.

Ormond Beach Associates Limited Partnership, Debtor–Appellant,

v.

Citation Mortgage, Ltd., Citation Mortgage Corp. & Terrence Russell, Esq., Appellees.

Docket Nos. 02–5038(L), 02–5039(CON).

United States Court of Appeals, Second Circuit.

May 1, 2003.

Leighton Aiken, Dana M. Campbell, Owens, Clary & Aiken, L.L.P., Dallas, Tex., for Debtor–Appellant.

John H. Pelzer, Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, Fla.; Robert A. White, Robert E. Kaelin, Murtha Cullina LLP, Hartford, Conn., for Appellees.

PRESENT: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE AT-

TENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 1st day of May, two thousand and three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Ormond Beach Associates Limited Partnership ("Ormond Beach") appeals the judgment of the District Court for the District of Connecticut (Arterton, *J.*), *In re Ormond Beach Assocs. L.P.*, 278 B.R. 307 (D.Conn.2002), which reversed a ruling of the United States Bankruptcy Court for the District of Connecticut (Krechevsky, *Bankr.J.*) that imposed sanctions on Citation Mortgage, Ltd. and Citation Mortgage Corp. (collectively "Citation") and Terrence Russell. The bankruptcy court levied the sanctions based on its finding that Citation and Russell, contrary to their representations to the bankruptcy court, had pursued in a Florida court contempt sanctions against Ormond Beach. The district court reversed the bankruptcy court's sanctions award because it concluded that the bankruptcy court had abused its discretion in holding that the behavior of Citation and Russell exhibited bad faith, a precondition in this circuit for the imposition of such sanctions. *Id.* at 312.

We review de novo the district court's review of the bankruptcy court's decision to impose sanctions. *In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir.2002). Like the district court, we review the bankruptcy court's imposition of sanctions for abuse of discretion. *Id.* A bankruptcy court necessarily abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Id.* at 152.

The rule in this circuit is that so long as an attorney's actions "were taken on behalf of a client, the [trial] court must make an explicit finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). The finding of bad faith "requires both [1] clear evidence that the challenged actions are [a] *entirely without color*, and [b] are taken for reasons of harassment or delay or for other improper purposes, and [2] a high degree of specificity in the factual findings of the lower courts." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir.2000) (internal quotation and alteration marks omitted); *see also Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir.1985) ("The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice.").

We have some doubts about the district court's conclusion that the record does not support the bankruptcy court's finding of fact that the actions in question were taken for improper purpose. There was conflicting evidence as to Citation's and Russell's motives. We therefore find it impossible to say that the bankruptcy court's finding that their actions were taken for improper purposes was clearly erroneous.

An independent review of the record, however, reveals that Citation's and Russell's actions did not meet the other necessary condition for a finding of bad faith, namely, that they be "without color." Be-

cause the bankruptcy court's December 22, 1994 order that partially lifted the stay listed any number of limitations on the lifting of the stay but did not include on that list any restriction on the imposition of sanctions, Citation and Russell could reasonably have read the order as allowing the Florida Court to impose, on its own initiative, contempt sanctions against Ormond Beach. Nor is it clear that in the Florida Court, Citation and Russell actually "pursued" sanctions against Ormond Beach—which would have been directly contrary to their representation to the bankruptcy court and hence without color. The relevant statements by Citation and Russell can also be read as simply articulating their interpretation of the bankruptcy court's order, i.e., as informing the Florida Court that it still had the power to impose contempt sanctions. Finally, Citation's and Russell's decisions not to join Ormond Beach in attempting to prevent the sanctions from being imposed or to undo their imposition is also potentially excused by the colorable reading of the bankruptcy court's December 22, 1994 order as not barring the imposition of such sanctions.

We have considered the appellant's other arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.