**07-0166-cv**
**Novak v. Wolpoff & Abramson**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————

August Term, 2007

(Submitted: June 18, 2008                              Decided: July 29, 2008)

Docket No. 07-0166-cv

————

GRACE D. NOVAK,

*Plaintiff-Appellee,*

−v.−

WOLPOFF & ABRAMSON LLP, RONALD CANTER,

*Defendants-Appellants.*

————

Before:

WESLEY and HALL, *Circuit Judges*, and KOELTL, *District Judge*.[*]

Appeal from an order of the United States District Court for the District of Connecticut (Covello, J.), dismissing Plaintiff's complaint as a sanction for her failure to attend a court-ordered deposition, but awarding no expenses incurred as a result. Because the district court had previously suggested that it would award expenses and provided no explanation for the inconsistency, we vacate that portion of the judgment and remand the case for further proceedings.

————

_____

[*] The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

THOMAS A. LEGHORN, Wilson, Elser, Moskowitz, Edelman & Dicker, L.L.P., White Plains, NY (Jill N. Brown, Wolpoff & Abramson, LLP, Minnetonka, MN, Ronald S. Canter, Wolpoff & Abramson, LLP, Rockville, MD, *on the brief*), *for Appellants*.

JOANNE S. FAULKNER, New Haven, CT, *for Appellee*.

———————

PER CURIAM:

Defendants-Appellants (collectively, "Wolpoff") appeal from an order entered August 24, 2006, in the United States District Court for the District of Connecticut (Covello, J.), dismissing Plaintiff's complaint with prejudice as a result of her failure to appear for her court-ordered deposition, but imposing no other sanctions. We hold that the record is insufficient to determine whether the district court properly refused to award Wolpoff its expenses caused by Plaintiff's non-appearance after indicating on the record that it would. We therefore vacate that portion of the judgment and remand for further proceedings consistent with this opinion.

**BACKGROUND**

Plaintiff filed this action alleging that the law firm of Wolpoff & Abramson, LLP, and Ronald Canter, one of its attorneys, violated various state and federal debt collection laws. After several months of negotiations, Plaintiff initially agreed to be deposed on February 7, 2006, but moved for a protective order the day prior to the scheduled deposition. In response, Wolpoff filed a motion to compel her deposition, which the court granted, ordering Plaintiff to appear for deposition at the United States Courthouse in Hartford at a mutually convenient date and time within 45 days. On August 2, 2006, the date agreed to by the parties, Plaintiff once again failed to appear. According to her counsel, Plaintiff was relying on her daughter to drive her to the

2

courthouse, and her daughter had to stay home to care for her sick child. That same day, the parties explained the situation to Judge Covello, who determined that "We will impose the sanction and award [Wolpoff] the costs of the proceedings here today." The court explained that Wolpoff will "have the costs of whatever has occurred here today," specifically noting that Wolpoff hired counsel who flew to Hartford from Minnesota. Shortly thereafter, Wolpoff moved for sanctions, including dismissal with prejudice and all costs incurred in connection with the scheduled August 2, 2006 deposition. Plaintiff's counsel filed an opposition which consented to dismissal with prejudice "in lieu of any other sanctions." The court entered an order responding that "[i]n so far as [Wolpoff's] motion requests a dismissal with prejudice of the plaintiff's second amended complaint, the motion is GRANTED. No other sanctions are imposed." Despite the inconsistency between this order and the court's statement at the August 2 hearing, no motion for reconsideration was filed.

**DISCUSSION**

**I**

Wolpoff contends that the district court erred in not awarding expenses after previously saying that it would. The version of Federal Rule of Civil Procedure 37(b)(2) in effect in 2006 contained a non-exhaustive list of permissible sanctions, including dismissal with prejudice, against a party that fails to obey a discovery order. Further, "[i]n lieu of" or "in addition" to those sanctions, "the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure

3

was substantially justified or that other circumstances make an award of expenses unjust."[1] Fed. R. Civ. P. 37(b)(2) (amended 2007).

It is well settled that district courts enjoy wide discretion in sanctioning litigants appearing before them. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). However, "[i]f we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did." *In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam). Where the district court explained that it would award costs, and then failed to do so, some explanation was warranted as to why the court found this was a case where the failure to comply with the court's order was substantially justified or circumstances made an award of expenses unjust. Without such an explanation, this Court cannot assess whether the district court properly exercised its discretion. In open court, Judge Covello told the parties that he would award Wolpoff its expenses associated with Plaintiff's failure to appear for her scheduled deposition. Then, when Wolpoff sought to recover those expenses, the court denied the motion in a docket entry, with no explanation or discussion. Consequently, we vacate that portion of the district court's order and remand for further proceedings.

**II**

---

[1] Rule 37 has since been slightly reworded "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Advisory Committee Note to 2007 Amendments to Fed R. Civ. P. 37. The new Rule 37(b)(2)(C) reads: "Instead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Wolpoff argues that we should reverse the district court outright, since it contends that Rule 37 *requires* the district court to award a party expenses caused by its adversary's failure to comply with a discovery order. We have never held that Rule 37(b)(2) expenses are mandatory and need not do so here, but find some merit in Wolpoff's argument. The use of the word "shall" certainly suggests that an award of expenses is mandatory unless one of the two exceptions – substantial justification or other circumstances – applies. *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006). The Advisory Committee added the language at issue to "place[] the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." Advisory Committee Note to 1970 Amendments to Fed R. Civ. P. 37. Moreover, courts and commentators alike have held that the provision "requires the award of expenses" unless the disobedient party meets that burden. *FDIC v. Conner*, 20 F.3d 1376, 1382 (5th Cir. 1994); *see also Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 188 (E.D.N.Y. 2005); 7 James Wm. Moore et al., Moore's Federal Practice ¶ 37.97 (3d ed. 2007).

Here, the district court's order does not state any basis for denying Wolpoff's motion with respect to its expenses. Plaintiff's consent to dismissal with prejudice in lieu of any other sanctions is not a sufficient basis for the denial, since Rule 37(b)(2) states that the court "shall require" expenses "[i]n lieu of . . . or in addition to" the sanction of dismissal. Fed. R. Civ. P. 37(b)(2) (amended 2007).

The fact that the district court denied the motion with respect to expenses suggests that it found that at least one of the two exceptions – special circumstances or substantial justification – applied. Whether either exception is compatible with the order of dismissal in this case is a

5

question for the district court on remand. However, the district court's failure to explain why it refused to award expenses leaves us no basis to determine whether that ruling was an abuse of discretion. Accordingly, we believe that remand for reconsideration, rather than reversal, is the proper disposition.

## CONCLUSION

For the foregoing reasons, we VACATE in part the judgment of the district court and REMAND for further proceedings consistent with this opinion.