**Julie KAMPS, Plaintiff,**

v.

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON L.L.P., Valerie Ford Jacob, Justin Spendlove, William McGuiness, Janice Mac Avoy, David Hennes, and Does 1–100, Defendants.**

No. 09 Civ. 10392 (RMB)(KNF).

United States District Court, S.D. New York.

April 28, 2011.

---

47. *Integrity,* 754 A.2d at 1183.

Daryl Earl Davis, Doman Davis LLP, New York, NY, for Plaintiff.

Bettina Barasch Plevan, Steven D. Hurd, Proskauer Rose LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

KEVIN NATHANIEL FOX, United States Magistrate Judge.

### BACKGROUND

In July 2010, the plaintiff served timely notices of deposition on defendants Valerie Jacob ("Jacob") and Justin Spendlove ("Spendlove"), but the defendants refused to appear for their depositions. The Court denied the defendants' September 15, 2010 motion for a protective order, which sought to bar the plaintiff from deposing Jacob and Spendlove. The Court found that the motion was untimely and directed the plaintiff to file a motion for reasonable expenses, including attorney's fees, pursuant to Fed.R.Civ.P. 37(a)(5). Before the Court is the plaintiff's motion for reasonable expenses, including attorney's fees, made pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

The plaintiff contends she offered to withdraw the deposition notices to the two defendants in exchange for a corporate designee who would speak for the defendant law firm, but the defendants rejected her proposal and failed to file timely for a protective order. She argues the defendants' failure to appear for their depositions stymied her discovery efforts for several months. The plaintiff seeks $10,421.50 in reasonable expenses, including attorney's fees. The plaintiff's law firm consists of two partners, Daryl Davis ("Davis") and Latiff Doman ("Doman"). In support of her motion, the plaintiff submitted a declaration by Davis, stating that both partners specialize in representing plaintiffs in employment-discrimination cases, and each

charges an hourly rate of $585 for his services. According to Davis's deposition, Davis and Doman worked for seventeen and one-half hours in connection with the defendants' refusal to attend their depositions, at a cost to the plaintiff of $10,237.50 and spent $184 for travel.

The defendants contend that their refusal to appear for depositions was "substantially justified because reasonable attorneys could disagree about the justification for deposing a firm's two highest-ranking executives simply by virtue of their being named as individual defendants." According to the defendants, requiring them to pay the plaintiff's expenses would be unjust because "Plaintiff has not been prejudiced by moving to compel the depositions of Spendlove and Jacob," and they "have incurred significant costs litigating Plaintiff's discovery failures." Moreover, the plaintiff's motion should be limited substantially because "it fails to provide any supporting documentation for the fees and expenses that Plaintiff allegedly incurred as a result of Spendlove's and Jacob's failure to appear for their depositions." According to the defendants, the plaintiff failed to attach to her motion her "retainer agreement with Doman Davis LLP, which purportedly specifies a billable rate of $585/hour for their services," or "any supporting documentation in the form of billing records or invoices for services or disbursements." Moreover, Davis "fails to explain how he has personal knowledge regarding Mr. Doman's billable time and expenses."

In her reply, the plaintiff submitted a copy of the relevant retainer agreement, which confirms that each partner's hourly rate is $585. The plaintiff also submitted travel receipts generated in connection with Spendlove's deposition. She argues that "Davis's affidavit suffices as a proper record of the time he and his partner spent on the case." According to the plaintiff, both Davis and Doman "have years of experience and expertise in employment law" and, according to "the Laffey Matrix" exhibit, submitted in reply, to "which courts regularly look ... to determine what hourly rate is reasonable ... an hourly rate of $589" is indicated for attorneys with comparable years of experience.

As for the travel expenses, the plaintiff contends, she scheduled initially "all of the depositions to occur back to back in a single week," and Doman "went to New York and took all depositions except Spendlove's and Jacob['s]. He had to return to New York last month to take Spendlove's deposition as Mr. Davis was not available. That was not a cost Plaintiff would have incurred but for Defendants['] failure to appear at the validly noticed deposition."

## RULE 37(d) LEGAL STANDARD

█ Although the Court, at its discretion, directed the plaintiff to file a motion for reasonable expenses, including attorney's fees, incurred in opposing the defendants' motion for a protective order, pursuant to Rule 37(a)(5), the plaintiff elected to file a motion under Rule 37(d), based on the defendants' failure to attend their own depositions. Unlike Rule 37(a)(5), which provides for reasonable expenses incurred in opposing the defendants' motion for a protective order, *see* Fed.R.Civ.P. 26(c)(3) and Fed.R.Civ.P. 37(a)(5), Rule 37(d) provides that, where a party, after being served with proper notice, fails to appear for its own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3). A party's failure to attend its own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2). The disobedient party has the burden of "showing that his failure is justified or that special circumstances make an award of expenses unjust." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir.2008) (citation omitted).

## APPLICATION OF THE RULE 37(d) LEGAL STANDARD

### *Whether Failure to Act Was Substantially Justified*

█ Although the plaintiff's motion for reasonable expenses is based on the defen-

dants' failure to appear for their depositions, pursuant to Fed.R.Civ.P. 37(d), the defendants' argue that the "'substantial justification' exception to Rule 37(a)(5) is met when a party demonstrates that the dispute about the matter was 'genuine', meaning that 'reasonable lawyers could disagree about the appropriateness of the disputed position.'" The defendants are correct that the test for avoiding the imposition of reasonable expenses, including attorney's fees, for resisting discovery is whether the resistance was "substantially justified" and that the burden of the disobedient party opposing a motion for expenses is "satisfied if there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action].'" *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988) (internal citations omitted). However, unlike Rule 37(a)(5), which governs the payment of reasonable expenses in connection with protective orders, Rule 37(d), which governs sanctions in connection with a party's failure to appear for its own deposition, contains an additional provision explicitly rejecting the "ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2). Thus, "it is the pendency of a motion for protective order that may be urged as an excuse for a violation of subdivision (d)," Advisory Committee Notes on 1993 Amendment to Fed.R.Civ.P. 37(d), but no *motion was pending* when the defendants failed to appear for their depositions. Indeed, the Court denied the defendants' motion for a protective order because it was untimely. Therefore, any objections made in an untimely motion cannot serve as an acceptable excuse for the defendants' failure to appear for their depositions.

■ Moreover, the defendants' argument that their position, that, as corporate officials without personal knowledge of relevant facts, they are "shielded" from discovery demands, "was substantially justified because: (1) reasonable attorneys could disagree about the justification for deposing a firm's two highest-ranking executives simply by virtue of their being named as individual defendants"; and (2) "Rule 30(a)(1) of the Federal Rules of Civil Procedure ... does not distinguish between parties and non-parties," is disingenuous. Rule 37(d), governing sanctions, makes a distinction between parties and non-parties. Consequently, "[a] nonparty cannot, as a party can under Rule 37(d), be required to pay the expenses incurred because of the failure to attend the taking of his or her deposition prior to the time a court order was obtained." 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2010). No diligent and reasonable attorney, after being served with proper notice of a deposition(s) of the parties represented by that attorney, would disregard the controlling authority that: (1) "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"; and (2) the failure of a party to appear for its own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d). While the basis for objecting to the deposition, in a timely motion for a protective order, might be subject to differences of opinion among "reasonable attorneys," the issues raised in an untimely motion for a protective order cannot serve as substantial justification for the defendants' failure to appear for their depositions.

■ Furthermore, the defendants' argument that they had "a reasonable basis to believe that Plaintiff was no longer seeking the depositions" because "Plaintiff offered to withdraw the notices of deposition" is frivolous. The plaintiff's offer to withdraw the notices of deposition stated: "In light of your objections to the depositions of [Jacob] (Fried Frank's Chairperson) and Justin Spendlove (Fried Frank's Senior Operating Partner), we will withdraw the notices to the heads of the firm if you will present 30(b)(6) witnesses or witnesses for [certain] policies, practices, procedures, guidelines, or instructions in effect during [the plaintiff]'s employment at Fried Frank." The defendants did

not accept the plaintiff's offer but informed the plaintiff: "With respect to your request for a 30(b)(6) witness, we do not believe this is a timely request, as it does not provide reasonable notice under Rule 30 of the FRCP." No further communication on the plaintiff's proposal ensued. Therefore, given their refusal of the plaintiff's offer to withdraw the deposition notices, the defendants have been unreasonable in believing "that Plaintiff was no longer seeking the depositions," and any reliance on such a belief was unjustified. Accordingly, the defendants were not substantially justified in failing to appear for their depositions.

### Whether Circumstances Make an Award of Expenses Unjust

 It is not clear how or why the plaintiff's alleged failure to meet her discovery obligations and the defendants' alleged expenses in connection with those failures make an award of expenses against the defendants, for their failure to appear for their depositions, unjust. The defendants' argument that the plaintiff was "not prejudiced by moving to compel the depositions of Spendlove and Jacob" is meritless because the plaintiff did not make a motion to compel their depositions. The defendants failed to identify any basis, other than the plaintiff's alleged failure to comply with discovery demands resulting in the defendants incurring expenses, upon which the award of expenses against them, for failure to appear for their depositions, would be unjust. In the circumstance of this case, the Court finds that the defendants did not meet their burden in showing that the award of expenses would be unjust.

### REASONABLE ATTORNEY'S FEES LEGAL STANDARD

 When exercising their discretion to determine the reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir.2008). In calculating the presumptively reasonable fee, a district court must consider, among others, the factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190. A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir.1983); *see Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir.2010) ("*Carey* sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications.").

### APPLICATION OF THE REASONABLE ATTORNEY'S FEES LEGAL STANDARD

 On March 17, 2011, the Court directed the: (i) plaintiff to file, on or before March 21, 2011, an affidavit or other competent evidence for each attorney involved, accompanied by contemporaneous records detailing the relevant work performed and hours expended, as well as proof of each attorney's education and experience; and (ii) defendants to file any reply on or before March 23, 2011. On March 21, 2011, the plaintiff's counsel made a request for "a one day extension from March 21, 2011, to March 22, 2011," to comply with the Court's order, because he "was out of town Friday, March 18, 2001 to this afternoon, Monday, March 21, 2011." The Court granted the request. Without seeking any further enlargement of time to comply with the Court's March 17, 2011 order or providing any other explanation, the plaintiff's counsel filed their affidavits in support of the motion on March 23, 2011. Moreover, without seeking permission to do so, the plaintiff filed a "REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION FOR FEES AND COSTS." The defendants contend the affidavits should be rejected because they were untimely.

> Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the

**120**

concept of a filing deadline is to have any content, the deadline must be enforced.... A filing deadline cannot be complied with, substantially or otherwise, by filing late— even by one day.

*United States v. Locke,* 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985).

 Although the Court extended the time for the plaintiff's counsel to file their affidavits until March 22, 2011, the affidavits were not filed until March 23, 2011, and, as such, they are untimely and will not be considered by the Court in determining the instant motion. The plaintiff's counsel failed to provide contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done. Therefore, the plaintiff is not entitled to recover fees for the hours of work performed by her counsel in connection with the defendants' failure to appear for their depositions. The plaintiff is entitled to recover reasonable travel expenses associated with the deposition of Spendlove, in the amount of ninety-six dollars.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion for reasonable expenses, pursuant to Fed.R.Civ.P. 37(d), Docket Entry Nos. 35–37, is granted. The plaintiff shall recover from Spendlove ninety-six dollars, the reasonable travel expenses, incurred by her counsel, that are associated with Spendlove's failure to appear for his deposition.

SO ORDERED.