20-1041-pr
*Mattieu Burks v. Chad Stickney et al.*


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand and twenty.

PRESENT:  DENNY CHIN,
          JOSEPH F. BIANCO,
          STEVEN J. MENASHI,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTIEU BURKS,

                    *Plaintiff-Appellee,*

                    v.                                    20-1041-pr

CORRECTION OFFICER CHAD STICKNEY, Clinton
Correctional Facility, CORRECTION OFFICER
NOLAN, Clinton Correctional Facility, CORRECTON
OFFICER  SMITH, Clinton Correctional Facility,
CORRECTION OFFICER EDWARD L. PEPPER, Clinton
Correctional Facility, SERGEANT JOHN MARK CROSS,
Clinton Correctional Facility, SUPERINTENDENT
STEVEN RACETTE, SUPERINTENDENT MICHAEL
KIRKPATRICK, DAVID J. CHAMBERLAIN, JOSHUA
R. WOOD,

*Defendants-Appellants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:      LEO GLICKMAN, Stoll, Glickman & Bellina, LLP, New York, New York.

FOR DEFENDANTS-APPELLANTS:      BEEZLY J. KIERNAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), for Letitia James, Attorney General for the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants—corrections officers and superintendents at the Clinton Correctional Facility ("Clinton") in Dannemora, New York ("defendants")—appeal from an order of the United States District Court for the Northern District of New York (Peebles, *C.M.J.*) entered January 29, 2018, imposing sanctions of $628.65 each against two of them, Michael Kirkpatrick and Steven Racette. The district court (Scullin, *J.*) eventually granted summary judgment in favor of defendants and entered judgment accordingly on March 17, 2020. The only issue on appeal is narrow and concerns

---

[*] The Clerk of Court is respectfully directed to amend the official caption to conform to the caption above.

defendants' challenge to the sanctions award imposed against Kirkpatrick and Racette for their alleged failure to cooperate in the scheduling of their depositions.

In the underlying 42 U.S.C. § 1983 action, plaintiff-appellee Mattieu Burks, a former inmate at Clinton, sued defendants, alleging that they harassed and assaulted him and deprived him of certain necessities while he was incarcerated.[1]

During discovery, there were several breakdowns in communication between the parties' counsel. Counsel's conduct "required intervention from the court in connection with matters that should not have arisen or should have been resolved between counsel." Joint App'x at 170. One such matter was the scheduling of Kirkpatrick's and Racette's depositions. The court (Peebles, *C.M.J.*) entered a text order on October 19, 2017, directing Kirkpatrick and Racette to appear for their rescheduled depositions on October 24 and 25, respectively. Then, by order dated January 29, 2018, the court imposed sanctions against Kirkpatrick and Racette for their "stark lack of cooperation" in "[t]he efforts to schedule the[ir] depositions." Joint App'x at 185. The court awarded Burks attorney's fees and costs in the sum of $628.65 each against Kirkpatrick and Racette.

---

[1] On the night of June 5, 2015, two inmates serving life sentences escaped from Clinton. Burks alleged that in the weeks that followed, staff at Clinton targeted him in retaliation for his purported association with one of the escapees and a civilian employee at Clinton who was convicted of a felony for her role in facilitating the escape.

On September 26, 2018, the district court (Scullin, *J.*) affirmed the magistrate's award of sanctions in its entirety, concluding that it was "not left with the definite and firm conviction that Magistrate Judge Peebles committed any mistakes, overlooked any evidence, or that his conclusions were clearly erroneous or contrary to law." Joint App'x at 249–50. The imposition of sanctions was stayed pending resolution of the underlying case and pending any appeal. After the entry of judgment in favor of defendants, this appeal followed. *See* Fed. R. Civ. P. 72(a); *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 210 (1999) (holding an appeal from a Rule 37 sanctions order cannot be taken until a final judgment in the underlying litigation is entered).

## DISCUSSION

On appeal, defendants argue that the district court abused its discretion in ordering sanctions against Kirkpatrick and Racette because the court clearly erred in finding that their depositions would not have taken place absent its intervention. Specifically, they assert that the evidence establishes that Kirkpatrick and Racette had agreed to their final deposition dates before the sanctions motion was filed and that they had consistently cooperated to schedule their depositions.

"We review all aspects of a district court's decision to impose sanctions for abuse of discretion." *Virginia Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017) (brackets and internal quotation marks omitted). A district court abuses its discretion if its sanctions order is based "on an erroneous view of the law," "a clearly

erroneous assessment of the evidence," or the order "cannot be located within the range of permissible decisions." *Id*. (internal quotation marks omitted). "It is well settled that district courts enjoy wide discretion in sanctioning litigants appearing before them," *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008) (per curiam), because district courts are "better situated than [a] court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs [their] determination as to whether sanctions are warranted," *Virginia Props.*, 865 F.3d at 113 (internal quotation marks omitted). Still, "[i]f we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did." *In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam).

As a preliminary matter, there appears to be some disagreement amongst the parties as to whether the district court imposed sanctions against Kirkpatrick and Racette under Federal Rule of Civil Procedure 37(d) or under its inherent power to assess attorney's fees.[2] Although the district court did not specify the legal basis for its

---

[2] The authority under which the court imposed sanctions is material to our review: if the court entered sanctions under its inherent power, we apply a more searching review—requiring a finding of "bad faith" of those sanctioned—than we would if sanctions were entered pursuant to Rule 37(d). *Compare Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (sanctions entered pursuant to a court's inherent power are authorized "only when there is a finding of conduct constituting or akin to bad faith"), *with* Fed. R. Civ. P. 37(d)(3) (authorizing sanctions "unless the failure was substantially justified or other circumstances make an award of expenses unjust"), *and* Fed. R. Civ. P. 37(d) advisory committee's note to 1970 amendment ("[T]he permissible sanctions are broadened to include such orders as are just" in an attempt to provide "greater flexibility as to sanctions" (internal quotation marks omitted)).

sanctions order, we are satisfied that the court entered sanctions pursuant to Rule 37(d) because the conduct on which sanctions were based—Kirkpatrick's and Racette's "stark lack of cooperation" in scheduling their depositions, Joint App'x at 185—involved Kirkpatrick's and Racette's depositions and not some other vexatious or dilatory conduct raised by Burks in his motion for sanctions (*e.g.*, defendants' misidentification of a correctional officer named in Burks's complaint).

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may order sanctions for a party's failure to attend his own deposition. Sanctions may include any of those listed in Rule 37(b)(2)(A)(i)–(vi), and, if awarded, must include the absent party paying "the reasonable expenses, including attorney's fees, caused by [its] failure [to attend its deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Reasonable fees may include attorney's fees and costs in connection with filing a motion for sanctions. *See, e.g.*, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 151 (S.D.N.Y. 2014).

Here, the district court's order imposing sanctions on Kirkpatrick and Racette is detailed and sufficiently explains why attorney's fees were awarded. The district court's January 29, 2018 order carefully walks through the scheduling difficulties that arose around setting Kirkpatrick's and Racette's depositions. As the numerous emails between parties' counsel show, Kirkpatrick's and Racette's depositions

were rescheduled several times; the majority of the rescheduling occurred at the behest of Kirkpatrick and Racette. Both Kirkpatrick and Racette canceled scheduled depositions on at least two occasions (Kirkpatrick cancelled three, two of which he canceled the day before). Defendants argue that the district court clearly erred in finding "that absent its intervention, the depositions of defendants Kirkpatrick and Racette would not have occurred." Joint App'x at 183.[3] Although Kirkpatrick and Racette apparently agreed to their respective deposition dates before the court issued its text order directing them to appear on those same dates, they committed to those dates only *after* Burks's counsel wrote to the court requesting a premotion conference and drafted and transmitted to defense counsel a memorandum of law and declaration in support of a motion for sanctions. Moreover, based on the failures of Kirkpatrick and Racette to keep their commitments, the court did not abuse its discretion in concluding that "[t]he efforts to schedule the depositions of defendants Racette and Kirkpatrick . . . demonstrated a stark lack of cooperation on the part of the deponents, and required plaintiff to expend effort that should have been unnecessary." Joint App'x at 185. The district court also did not abuse its discretion in ordering Racette and Kirkpatrick to

---

[3] Defendants also assert that the district court made "two key factual errors." Appellants Br. at 10. Although the court did make one factual error—incorrectly listing the date on which defendants' counsel emailed Burks's counsel to request that Kirkpatrick's September 20, 2017 deposition be moved—the error was harmless and did not affect the imposition of sanctions.

compensate Burks's counsel.  *See Novak*, 536 F.3d at 177 (noting "[i]t is well settled that district courts enjoy wide discretion in sanctioning litigants" pursuant to Rule 37).

* * *

We have considered defendants' remaining arguments and found them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk