KATZMANN, Circuit Judge.
 

 Appellant Shmuel Klein appeals from a judgment of the United States District Court for the Southern District of New York (Charles L. Brieant,
 
 J.)
 
 reversing an award of sanctions in his favor pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure (“Rule 9011”) against ap-pellees David Tillem and Wilson, Elser, Moskowitz, Edelman, and Dicker (‘Wilson, Elser”) by the United States Bankruptcy Court for the Eastern District of New York (John J. Connelly, /.). For the reasons stated below, we affirm the judgment of the District Court.
 

 BACKGROUND
 

 Harry L. Stern and Sarah M. Stern (together, the “Sterns”) hold a judgment in excess of $1.8 million against Debtor High-gate Equities, Ltd. (“Highgate”), Jiab Realty Corporation (“Jiab”), and other persons. For several years, the Sterns have attempted to collect against Highgate and Jiab by executing on ten acres of land located at 82 Highview Road in Suffern, New York (the “Property”). The Property appears to be the sole asset of Highgate, and has allegedly been transferred on multiple occasions between Jiab and Highgate, which apparently are corporate affiliates, in an effort to evade creditors. Jiab and Highgate have both previously filed bankruptcy petitions that were dismissed.
 
 [1]
 
 On August 8, 2000, the eve of the sheriffs latest attempt to sell the Property, High-gate filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.
 

 Klein is counsel for Highgate with respect to that petition. By order of the New York Supreme Court, Appellate Division, Second Department, dated June 30, 1997, Klein was suspended from the practice of law in the courts of the State of New York for five years.
 
 In re Klein,
 
 281 A.D.2d 232, 660 N.Y.S.2d 136 (2d Dep’t),
 
 leave to appeal denied,
 
 90 N.Y.2d 929, 664 N.Y.S.2d 262, 686 N.E.2d 1357 (1997),
 
 cert. denied,
 
 524 U.S. 953, 118 S.Ct. 2371, 141 L.Ed.2d 738 (1998). The order of the Ap
 
 *150
 
 pellate Division suspending Klein directed that he
 

 desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in anyway as an attorney and counselor-at-law.
 

 Id.
 
 at 238, 660 N.Y.S.2d at 139. However, the Southern District of New York Disciplinary Committee did not recommend discipline against Klein, despite the state court suspension. Klein remains admitted to practice in the Southern District of New York, which includes its bankruptcy courts, and Klein is, and has been at all times, in good standing in the Southern District of New York.
 

 Tillem is a partner in Wilson, Elser, which serves as counsel to the Bank of New York. The Bank of New York holds a judgment in excess of $400,000 against the Sterns and another entity. Thus, while the Bank of New York is neither a creditor of Highgate nor a party of record to these proceedings, it is a creditor of a creditor of Highgate.
 

 On August 15, 2000, one week after Highgate filed this petition, Tillem sent a letter (the “Letter”), addressed to the Bankruptcy Court and simultaneously copied to Klein, in which he called to the Bankruptcy Court’s attention the fact that Klein had been suspended from practice. Specifically, he wrote that
 

 [i]n reviewing the Bankruptcy papers, I noted that the attorney representing the debtor ... was Shmuel Klein, Esq. It was my recollection ... that an attorney, Shmuel Klein, had previously been suspended from the practice of law by order of the Appellate Division, Second Department. As set forth in the annexed copy of our correspondence to the New York State Grievance Committee, we have been advised that an attorney, Shmuel Klein, is currently under suspension, is not in good standing, and is not authorized to practice law in New York State. We assume, but cannot confirm, that the Shmuel Klein currently subject to suspension, is the same Shmu-el Klein apparently acting as bankruptcy counsel to Highgate Equities, Ltd. We were directed by the New York Supreme Court, Appellate Division, Second Department, to forward the annexed letter seeking investigation of this circumstance.
 

 The Letter proceeded to call to the Bankruptcy Court’s attention the various bankruptcy court maneuverings by Highgate and Jiab, commenting that Highgate had “sought to use the Bankruptcy Courts for the Eastern and Southern Districts of New York to avoid execution efforts by various creditors, by way of numerous filings, in several past instances.” The Letter concluded by stating that “[wjhile this firm takes no position on this matter — including both the apparent unauthorized practice by attorney Klein and the possible ‘serial’ filings involved in the related cases — we felt that it was our obligation to advise the Court of these matters now.”
 

 Klein moved the Bankruptcy Court, pursuant to Rule 9011, to sanction Tillem for the Letter, which he described as a “vis-cious [sic] and malicious attack ... without any pre-filing inquiry whatsoever, without any research whatsoever and without even a telephone call to anyone.” Klein asserted that Tillem had sent the Letter “to harass or intimidate the debtor and its counsel” and “to delay the proceedings and increase the cost of litigation.” Klein argued that Tillem’s failure to ascertain that
 
 *151
 
 Klein remained admitted to the Southern District bar violated Rule 9011’s requirement that an attorney make reasonable inquiry prior to filing “papers” with a court.
 

 Following a hearing on Klein’s sanctions motion, the Bankruptcy Court ruled orally:
 

 What bothers me about it, Counsel [Til-lem], everything you have said here in defense of your letter are matters that this Court has to deal with on its own. You are not a party in this action. You, I guess, have it in your mind that you were probably asking the Court to make a determination in this case. I find that approach inappropriate.
 

 I do not like to receive correspondences from counsel involved in the case. I frown on it. Pleadings are the proper way of informing the Court. This is an outside approach to me for my decision I have to make in this case. I am going to impose sanctions of $500 to be paid directly to Mr. Klein.
 

 In an order dated October 11, 2000, the Bankruptcy Court ordered Tillem and Wilson, Elser, jointly and severally, to pay Klein $500 in sanctions.
 
 In re: Highgate Equities, Ltd.,
 
 No. 00-13637 (Bankr. S.D.N.Y. Oct. 11, 2000) (judgment and order for sanctions).
 

 On appeal, the District Court, in a decision dated January 5, 2001, reversed the Bankruptcy Court’s order of sanctions, holding that the Letter was an exercise of free speech protected by the First Amendment of the United States Constitution.
 
 In re Highgate Equities, Ltd.,
 
 No. 00 Civ. 8853 (S.D.N.Y. Jan. 5, 2001) (memorandum and order reversing sanctions award). Noting that Tillem and Wilson, Elser had written a truthful letter in good faith, the District Court commented that “[a]s a matter of public policy, lawyers and citizens generally must be free to write to judges regarding perceived attorney misconduct.”
 
 Id.
 
 at 5. As an alternative basis for reversing the Bankruptcy Court, the District Court held that Rule 9011 did not provide a jurisdictional basis for sanctioning Tillem and Wilson, Elser because they were neither parties nor attorneys in the litigation before the Bankruptcy Court.
 
 Id.
 
 at 6. Klein has appealed the District Court’s decision.
 

 For the reasons that follow, we affirm the decision of the District Court.
 

 DISCUSSION
 

 I. Standard of Review
 

 We review
 
 de novo
 
 the District Court’s review of the Bankruptcy Court’s decision to impose sanctions.
 
 In re Bell,
 
 225 F.3d 203, 209 (2d Cir.2000) (in appeal from district court’s review of a bankruptcy court ruling, Court of Appeals’ review of bankruptcy court is “independent and plenary”);
 
 In re NextWave Personal Communications, Inc.,
 
 200 F.3d 43, 50 (2d Cir.1999) (“Our review of the district court’s decision affirming the bankruptcy court orders is plenary.”);
 
 In re Cohoes Indus. Terminal,
 
 931 F.2d 222, 227 (2d Cir.1991) (reviewing
 
 de novo
 
 bankruptcy court’s imposition of sanctions under Rule 9011 that had been affirmed by district court). We have said that Rule 9011 “parallels Federal Rule of Civil Procedure 11 [ (‘Rule 11’) ], containing only such modifications as are appropriate in bankruptcy matters” and that. “[accordingly, our review of the lower courts’ application of Rule 9011 is informed by Rule 11 jurisprudence.”
 
 Cohoes Industrial Terminal,
 
 931 F.2d at 227 (internal citations and quotations omitted).
 

 We review the Bankruptcy Court’s imposition of sanctions for abuse of discretion.
 
 Id.
 
 Our jurisprudence cautions, however, that “[t]his abuse of discretion standard ... is not as simple as it
 
 *152
 
 may appear,” and that “although the decision to impose sanctions is uniquely within the province of a [bankruptcy] court, we nevertheless need to ensure that any such decision is made with restraint and discretion.”
 
 Schlaifer Nance & Co. v. Estate of Warhol,
 
 194 F.3d 323, 333-34 (2d Cir. 1999). While we recognize that “the [bankruptcy] court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted, [w]e nonetheless remain mindful that a [bankruptcy] court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.”
 
 Sussman v. Bank of Israel,
 
 56 F.3d 450, 456 (2d Cir.),
 
 cert. denied,
 
 516 U.S. 916, 116 S.Ct. 305, 133 L.Ed.2d 210 (1995) (internal citations and quotations omitted).
 

 II. Rule 9011
 

 A.
 
 Notice and Opportunity to Respond
 

 Rule 9011(b) provides:
 

 By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
 

 (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
 

 (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
 

 (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
 

 (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
 

 Fed. R. Bankr.P. 9011(b). Rule 9011(c) provides that “[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.” Fed. R. Bankr.P. 9011(c).
 

 The “notice” and “reasonable opportunity to respond” requirements of Rule 9011(c) reflect the importance of according fair procedural protections to an attorney or other party facing sanction.
 
 See Ted Lapidus, S.A. v. Vann,
 
 112 F.3d 91, 96 (2d Cir.),
 
 cert. denied,
 
 522 U.S. 932, 118 S.Ct. 337, 139 L.Ed.2d 262 (1997) (“Due process requires that courts provide notice and opportunity to be heard before imposing
 
 any
 
 kind of sanctions.”) (quoting
 
 In re Ames Dept. Stores, Inc.,
 
 76 F.3d 66, 70 (2d Cir.1996) (internal punctuation omitted)). We have held that “a sanctioned attorney must receive
 
 specific notice of the conduct alleged to be sanctionable
 
 and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter.”
 
 Nuwesra v. Merrill Lynch, Fenner, & Smith, Inc.,
 
 174 F.3d 87, 92 (2d Cir.1999) (quoting
 
 Lapidus,
 
 112 F.3d at 97).
 

 
 *153
 
 In this case, the defendants received neither adequate notice of, nor adequate opportunity to address, the basis upon which sanctions were ultimately imposed. Klein essentially made two claims in his motion for sanctions and during oral argument before the Bankruptcy Court. First, he asserted that the defendants had violated Rule 9011(b)’s reasonable inquiry requirement by failing to ascertain that he was permitted to practice in the Southern District. Second, he argued that the defendants had violated Rule 9011(b)(1) because the Letter had an “improper purpose” — harassment and undue delay.
 

 The Bankruptcy Court, however, did not base its decision to impose sanctions on either of the arguments advanced by Klein. Instead, it imposed sanctions because it deemed inappropriate the decision of the defendants to communicate with the court by letter. The court’s rationale for sanctions differed considerably from Klein’s theory of sanctions. Both of Klein’s claims had taken issue with the substance of the Letter. By contrast, the court imposed sanctions based on Tillem’s mode of communication — the Letter — itself. Tillem had no notice that he might be sanctioned simply because he had chosen to communicate with the court by letter. Tillem, understandably, had presented defenses in the Bankruptcy Court that responded to the allegations in Klein’s complaint.
 
 [2]
 
 However, neither the briefs nor the oral arguments discussed whether the fact that Tillem had communicated with the court by letter was. itself a basis for sanctions, and Tillem was denied the opportunity to address this issue. We hold that the Bankruptcy Court abused its discretion in imposing sanctions without giving the defendants “specific notice of the conduct alleged to be sanctionable
 
 and the standard by which that conduct [would] be assessed, and an opportunity to be heard on that matter.” Id.
 
 at 92 (emphasis partially added).
 

 B.
 
 Scope of Rule 9011 Claims
 

 In addition to finding that Tillem was denied proper notice and an opportunity to respond, we also hold that there was no Rule 9011(b) basis for the imposition of sanctions in this case. Rule 9011 penalizes an attorney who files “a petition, pleading, written motion, or other paper” that does not satisfy one of the four professional standards prongs of Rule 9011(b). Klein argues that the Letter is an “other paper,” subjecting Tillem and Wilson, Elser to Rule 9011. However, “[cjourts have been properly reluctant to characterize a letter generally as an ‘other paper’ on weighing Rule 11 sanctions.”
 
 Legault v. Zambarano,
 
 105 F.3d 24, 27 (1st Cir.1997);
 
 see also Curley v. Brignoli Curley & Roberts, Associates,
 
 128 F.R.D. 613, 616 (S.D.N.Y.1989) (“courts have interpreted [Rule 11] to refer only to papers served or filed with the court. The contention ... that Rule 11 should apply to any paper sent to the court, such as a letter, is not
 
 *154
 
 supportable.”) (internal citation omitted). Courts have generally done so only where the letter in question was in effect a motion in disguise, recognizing that failure to sanction in such cases would elevate form over substance.
 
 See, e.g., Legault,
 
 105 F.3d at 28 (sanctions were appropriate where letter was sent “with the intent to influence the court” in court’s determination of whether to grant injunctive relief). As one district court in this circuit has observed, “[t]hose cases in which a letter has served as the basis for Rule 11 sanctions have involved instances in which a party has sought to have a court take action in reliance on it.”
 
 Lopez v. Constantine,
 
 94 Civ. 5921, 95 Civ. 5915, 1997 WL 337510, at *3 n. 6 (S.D.N.Y. June 18, 1997).
 

 In this case, the Letter’s self-proclaimed purpose was to call to the court’s attention certain ethical concerns. The Letter explicitly noted that it was not intended to influence the court’s disposition of the proceedings before the court, stating that “[w]hile this firm takes no position on this matter — including both the apparent unauthorized practice by attorney Klein and the possible ‘serial’ filings involved in the related cases — we felt that it was our obligation to advise the Court of these matters now.”
 

 Ultimately, however, to resolve the issues before us, we need not decide whether the Letter should be considered a “paper” within the meaning of Rule 9011(b). Even were we to assume, without deciding, that the Letter demonstrated a motivation to influence the proceedings substantial enough to warrant treating the Letter as a “paper” within the meaning of Rule 9011(b), we would not agree that sanctions would be appropriate under Rule 9011 in the context of this case. The Letter’s “purpose” — calling to the court’s attention information relevant to the proceedings— was not itself “improper.” The Bankruptcy Court has offered no justification within Rule 9011 for imposing sanctions simply because otherwise relevant information was communicated by letter, and we do not find any support in Rule 9011 for imposing sanctions on this basis.
 

 We also note that even were we to assume, without deciding, that the Letter was a “paper” within the meaning of Rule 9011, we would reject the two arguments urged by Klein in support of sanctions under Rule 9011. First, Klein, invoking the “improper purpose” language of Rule 9011(b)(1), argues that the Letter served no purpose other than harassment and delay. Klein has failed to support this contention, and the Letter in fact served at least two other legitimate purposes. The Letter both called to the court’s attention potential ethical violations, and alerted the court to the fact that various creditors of Highgate, as well as (indirectly) the defendants’ client, had been frustrated by High-gate’s repeated (and arguably impermissible) procedural maneuverings. Thus, we do not agree that the purpose of the Letter was harassment, delay, or any other improper purpose. Second, Klein argues that the defendants failed to engage in a reasonable inquiry prior to sending the Letter because they failed to ascertain that he remained admitted in the Southern District. While reasonable inquiry is required with respect to all of the Rule 9011 affirmations, Klein’s claim appears to focus on the third prong of Rule 9011(b), which requires that prior to filing a “paper,” an attorney make reasonable inquiry to ascertain that there is “evidentiary support” for that filing or that such support will likely be obtained after “a reasonable opportunity for further investigation or discovery.” Fed. R. Bankr.P. 9011(b)(3). We have held that under Rule 11(b)(3), “sanctions may not be obtained unless a particular allegation is utterly lacking in support.”
 
 O’Brien v. Alexander,
 
 101 F.3d 1479, 1489 (2d Cir.1996). The Letter was not un
 
 *155
 
 truthful on its face and was buttressed by several documentary exhibits. The Letter cannot be said to have particularly alleged that Klein was suspended in the Southern District or in any way to have been lacking in evidentiary support for the claims it did make.
 
 [3]
 
 Sanctions were not appropriate in this case.
 

 Thus, we find that Rule 9011 does not provide a basis for the sanctions imposed upon the defendants by the Bankruptcy Court, and affirm the District Court. We need not address the First Amendment basis for the District Court’s decision, because of our holding that sanctions were not warranted by Rule 9011 itself.
 

 The judgment of the District Court is
 
 Affirmed.
 

 [1]
 

 . Most recently prior to the commencement of this litigation, the United States Bankruptcy Court for the Eastern District of New York, by an order dated March 30, 2000, dismissed a bankruptcy petition filed by Highgate, and noted that an October 6, 1999 order had dismissed one of two prior Highgate involuntary bankruptcy petitions "with prejudice to the petitioning creditors' right to file another petition against the Debtor for a period of one year."
 
 In re: Highgate Equities, Ltd.,
 
 No. 800-81917-511 (Bankr.E.D.N.Y. Mar. 30, 2000) (order dismissing case). In an order dated January 8, 1996, the United States Bankruptcy Court for the Southern District of New York imposed sanctions on Jiab and its principal and dismissed Jiab’s voluntary Chapter 11 petition "with prejudice to the Debtor filing any other bankruptcy proceeding for a period of one (1) year from the date of this Order.”
 
 In the Matter of Jiab Realty Corp.,
 
 No. 96B21021 (Bankr.S.D.N.Y. Jan. 8, 1996) (order dismissing case and imposing sanctions on debtor and its principal).
 

 [2]
 

 . For example, in response to Klein’s claim that Tillem had not engaged in a reasonable inquiry with respect to whether Klein remained admitted before the Southern District, Tillem had pointed out that the letter did not assert that Klein was not permitted to practice before the Southern District, and had also argued that Klein's suspension from advising on matters of New York law was relevant to his participation in Highgate's bankruptcy litigation, which would implicate state law issues. In response to Klein assertion that the Letter served no proper purpose and was a tool of harassment, Tillem wrote that "[t]he main point of [the Letter] is that this case is a sham,” and that Highgate's bankruptcy filing was frustrating his client’s desire to collect from the Sterns. Tillem also noted that as a regular practitioner in the Bankruptcy Court, he felt obligated to bring the so-called sham to the court's attention.
 

 [3]
 

 . Indeed, the defendants assert that they were aware that Klein was admitted in the Southern District, but felt that the state law issues raised by the Highgate proceedings required state law legal advice which Klein was no longer permitted to provide. Even if the defendants had believed that Klein was suspended from the Southern District, it would be difficult to hold that this mistake constituted a lack of inquiry egregious enough to warrant sanctions, given that, as the District Court noted, it is unusual for a lawyer to be suspended in state court and remain in good standing in the federal courts.