SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED IN PART AND REVERSED IN PART.
The parties appeal and cross-appeal from a judgment of the district court affirming a bankruptcy court decision that denied the appellant, Fellows & Hymowitz, P.C. (the “Fellows firm”), an application for attorneys’ fees for representing the debtors, Gary and Mary Mercury, in a personal injury action, but reversing the bankruptcy court’s decision insofar as it also denied the Fellows firm’s application for reimbursement for related out-of-pocket expenses.
The Fellows firm contends on appeal principally that the district court and bankruptcy court erred in concluding, first, that the firm breached its ethical and legal obligations to the Mercurys by failing, in its capacity as their initial bankruptcy counsel, to advise them of their right to convert their Chapter 7 filing to a Chapter 11 filing, and, second, that there was a conflict of interest between the Fellows firm and the Mercurys. The Mercurys assert in their cross-appeal that the bankruptcy court acted within its discretion in denying the Fellows firm’s application for reimbursement of expenses as well as attorneys’ fees and that the district court erred in reversing that portion of the bankruptcy court’s order.
We review the bankruptcy court’s decision “independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo.” In re AroChem Corp., 176 F.3d 610, 620 (2d Cir.1999). We review for abuse of discretion the bankruptcy court’s decision to impose sanctions. In re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir.2002).
We conclude that the bankruptcy court did not abuse its discretion in denying the Fellows firm’s application for attorneys’ fees — and the district court did not err in affirming that ruling — based on the bankruptcy court’s finding that the Fellows firm labored under a serious conflict of interest when representing the trastee. It *530 is undisputed that the Fellows firm (1) advised the Mercurys to enter Chapter 7, (2) advised the Mercurys to engage in mediation of their personal injury claim, (3) reassured the Mercurys that they would not be bound by the result of the mediation, (4) informed the Mercurys only after the mediation that they could, in fact, be bound by its result because the Chapter 7 trustee was in control of their claim, and (5) recommended to the trustee that she accept the settlement proposed by the mediator and accepted by the insurer over the Mercurys’ objection. As the bankruptcy court pointed out, the firm confuses the duty it had to its clients with some imagined duty it believed it had to the claim. See In re Mercury, 280 B.R. 35, 61 (Bankr. S.D.N.Y.2002). Recognizing that the Mercurys did not wish to accept the proposed settlement, the firm was obligated either to oppose the trustee’s effort to secure court approval of the settlement, or to seek to withdraw from the matter altogether.
For the foregoing reasons, we further conclude that the bankruptcy court did not abuse its broad discretion in denying the Fellows firm’s application for reimbursement of expenses. We also conclude that the district court erred by reversing the bankruptcy court in that respect. We think that the district court mistakenly substituted its judgment for the bankruptcy court’s when it concluded that in light of the Mercurys’ small recovery it would be “unduly harsh” for the Fellows firm not to be reimbursed for its expenses. Instead the district court should have determined whether the bankruptcy court’s decision in that regard was an abuse of its discretion.
The judgment of the district court is therefore hereby AFFIRMED IN PART AND REVERSED IN PART, and the judgment of the bankruptcy court is reinstated in its entirety.