In re:  Paolo GUCCI, Debtor.

**Alessandra Gucci, Allegra Gucci, as the sole heirs of the late Maurizio Gucci, Defendants–Appellants,**

v.

**Frank G. Sinatra, as Chapter 11 Trustee of the Estate of Paolo Gucci, Plaintiff–Appellee.**

No.  06–0496–bk.

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

Norris D. Wolff, Kleinberg Kaplan Wolff & Cohen, P.C., New York, NY (Edward P. Grosz, Matthew J. Gold, of counsel), for Defendants–Appellants.

Jonathan L. Flaxer, Golenbock Eiseman Assor Bell & Peskoe LLP, New York, NY, (Michael S. Devorkin, Moshie Solomon, of counsel), for Plaintiff–Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

The defendants-appellants, the two sole heirs of the late Maurizio Gucci ("Maurizio"), appeal from an order of the district court that affirmed the order and judgment of a bankruptcy court declaring void *ab initio* a judicial lien registered by Maurizio against Paolo Gucci's ("Paolo") interest in a parcel of real property located in Rome, Italy. That lien, which resulted from an arbitral award that Maurizio had obtained against Paolo on March 3, 1994, was registered with the Rome Register of Real Properties on November 5, 1994. Paolo, however, had already filed a petition for relief under Chapter 11 of Title 11 of the United States Code on February 4, 1994. On May 19, 2000, the Chapter 11 Trustee of Paolo's Estate sought a declaratory judgment declaring Maurizio's lien void *ab initio*, because the registration of the lien—and the issuance of the underlying award on which it was based—had occurred after Paolo's filing of his Chapter 11 petition, thus violating the automatic stay provision of 11 U.S.C. § 362(a).

On April 17, 2003, the bankruptcy court issued the requested declaratory judgment. The district court, however, subsequently vacated and remanded the declaratory judgment, on the grounds that the bankruptcy court had not specifically addressed the defendants' argument that they were entitled to relief from the automatic stay because they had made out the affirmative defense of laches. The district court thus remanded the case to the bankruptcy court "for the purpose of making findings of fact and conclusions of law with respect to the equitable defense previously advanced by the defendants."

On remand, the bankruptcy court specifically evaluated the defendants' laches argument, and concluded that they could not satisfy their burden of proof on this affir-

mative defense. The bankruptcy court correctly stated that in this Circuit, a defendant must establish three elements to prevail on a laches defense: (1) that he lacked knowledge that the claim might be asserted against him; (2) that the plaintiff delayed asserting the claim despite the opportunity to do so; and (3) that he would be prejudiced if the claim were now allowed to go forward. *See, e.g., Rapf v. Suffolk County,* 755 F.2d 282, 292 (2d Cir. 1985). The bankruptcy court concluded that the defendants here could not establish any of these elements. As to the first element, the bankruptcy court stated that even if the defendants had not received actual notice of Paolo's bankruptcy, they were provided with constructive notice, and this was sufficient to defeat their assertion of lack of knowledge. As to the second element, the bankruptcy court found that the Trustee had diligently worked to uncover the various assets of the Estate, and had ultimately taken a reasonable amount of time to initiate the action to void Maurizio's lien. Finally, as to the third element, the bankruptcy court ruled that the defendants had failed to explain how they had suffered any prejudice as a result of the Trustee's delay in bringing the claim. The district court affirmed, and the defendants proceeded to file the instant appeal.

In an appeal from a district court's review of a bankruptcy court's decision, we exercise plenary review over the underlying bankruptcy court decision, reviewing the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo. See, e.g., In re Bell,* 225 F.3d 203, 209 (2d Cir.2000). We review trial court rulings regarding the affirmative defense of laches under an abuse of discretion standard, *see, e.g., Tri–Star Pictures, Inc.*

*v. Leisure Time Productions, B.V.,* 17 F.3d 38, 44 (2d Cir.1994), while remaining mindful that a court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law." *In re Highgate Equities,* 279 F.3d 148, 152 (2d Cir. 2002) (internal citations and quotation marks omitted).

Here, we conclude that the factual findings underlying the bankruptcy court's determination that the defendants could not establish the second and third required elements of laches (unreasonable delay and resultant prejudice) were not clearly erroneous and, indeed, were well supported by the record.[1] As such, the bankruptcy court did not abuse its discretion in ruling that the defendants could not make out the affirmative defense of laches. We also conclude that the defendants' alternative argument—that the bankruptcy court should have refused to void their lien because none of the proceeds from the sale of the property in question will go to other creditors—lacks merit for multiple reasons, not the least of which is that its factual premise appears inaccurate. The bankruptcy judge was presented with ample evidence to support his finding that the litigation over the Rome lien would result in a net gain to the Estate, and was persuaded that the calculus adopted by the Trustee would leave funds in the Estate to benefit the creditors.

We have considered all of the defendants' remaining arguments and find them to be without merit. The decision of the district court is therefore **AFFIRMED.** The plaintiff's request for sanctions, however, is **DENIED.**

---

**1.** It is therefore unnecessary to reach the legal question of whether the defendants could establish the first required element of laches by a showing of lack of actual (as opposed to constructive) notice, and we decline to do so.