13-3835-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
                GERARD E. LYNCH,
                SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

*In Re*: Karin Baranek,

                     *Debtor.*

_____

Mark Baranek,

                *Plaintiff-Appellant*,

          v.                                                   No.    13-3835-bk

Karin Baranek,

               *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT**:          Mark Baranek, Smithtown, NY

**FOR DEFENDANT-APPELLEE:**          Heath S. Berger, Berger, Fischoff & Shumer, LLP, Woodbury, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mark Baranek, proceeding pro se, appeals from the September 12, 2013 district court judgment affirming the July 2, 2012 and July 25, 2012 order**s** of the Bankruptcy Court for the Eastern District of New York (Alan S. Trust, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error. *See id.* Creditors are required to prove by a preponderance of the evidence that a debt is not dischargeable. *Cazenovia Coll. v. Renshaw (In re Renshaw)*, 222 F.3d 82, 86 (2d Cir. 2000). We conclude that the district court correctly affirmed the bankruptcy court's summary judgment dismissal of Baranek's adversary complaint.[1]

---

[1] The bankruptcy court noted that Baranek failed to allege that a debt was owed to him that would serve as a basis for a nondischargeability action. This calls into question his standing to bring an adversary complaint at all. Nevertheless, construing his pro se filings liberally, Baranek seems to be alleging that he is owed a debt from the sale of his

2

Baranek's opposition papers to the debtor's summary judgment motion are devoid of any evidence of "false pretenses, a false representation, or actual fraud," 11 U.S.C. § 523(a)(2)(A), or of **"**use of a statement in writing . . . that is materially false . . . respecting the debtor's . . . financial condition,**"** *id.* § 523(a)(2)(B), that would prevent a discharge of the debt.  Baranek claims that the debtor "falsified discovery documents" by concealing that she (i) "is the sole owner and operator of her own corporation Freedom of Speech, Inc.," (ii) "owns and operates her own independent escort service," and (iii) "has judgments in large sums of money filed against individuals."  First, the record conclusively shows that the debtor's corporation was dissolved more than a decade before the bankruptcy proceeding.  Second, the only evidence of an escort service shows that, to the extent it existed, Baranek was aware of it and, in fact, pressured the debtor into engaging in such activity.  He therefore cannot claim to have relied on any alleged concealment of the escort service.  Third, there is no evidence in the record whatsoever of any judgments filed against individuals.

The bankruptcy court also properly found that Baranek's opposition papers provide no evidence of fraudulent concealment that would establish an exception to the discharge of debt authorized by 11 U.S.C. § 727.  In addition, Baranek could not proceed on a claim of fraudulent transfer because he is not the trustee and, as the bankruptcy

and the debtor's marital home, as well as a share of proceeds from an escort service. Like the bankruptcy court and the district court, we will therefore proceed to consider his claims.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

court correctly held, allowing him to proceed was plainly not in the best interest of the estate.  11 U.S.C. § 548; *cf. Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2d Cir. 2002).

Finally, we affirm the bankruptcy court's imposition of sanctions.  We review the bankruptcy court's imposition of sanctions for abuse of discretion.  *Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.)*, 279 F.3d 148, 151 (2d Cir. 2002).  Sanctions are available under Federal Rule of Bankruptcy Procedure 9011 if a party presents a pleading "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Fed. R. Bankr. P. 9011(b)-(c).  It is clear from Baranek's papers filed in the bankruptcy court that his adversary suit had no other purpose than to harass and embarrass the debtor.  The bankruptcy court provided him notice and a reasonable opportunity to respond to the threat of sanctions, and was well within its discretion to impose sanctions.

We have considered Baranek's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4