# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fifteen.

PRESENT:
  PIERRE N. LEVAL,
  ROSEMARY S. POOLER,
    *Circuit Judges,*
  J. GARVAN MURTHA,[1]
    *District Judge.*

_____

In Re: Shahara Khan,

  *Debtor*,

_____

Karamvir Dahiya & Dahiya Law Offices
LLC, Karamvir Dahiya,

  *Plaintiffs-Appellants*,

  v.                                                    14-1151

Debra Kramer, as Trustee of the Estate of
Shahara Khan,

---

[1] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

1

*Trustee-Appellee.*

---

**FOR PLAINTIFFS -APPELLANTS:**      Alexandra A.E. Shapiro, Shapiro Arato LLP, (Karamvir Dahiya, Dahiya Law Offices LLC, *on the brief*), New York, N.Y.

**FOR TRUSTEE-APPELLEE:**      Avrum J. Rosen, Law Offices of Avrum J. Rosen, PLLC, Huntington, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Karamvir Dahiya and Dahiya Law Offices, LLC[2] appeal from the district court's judgment affirming the imposition of sanctions against Dahiya by the United States Bankruptcy Court for the Eastern District of New York (Stong, *J.*). In addition, Trustee-Appellee Debra Kramer moves in this Court to sanction Dahiya pursuant to 28 U.S.C. § 1927 and Rule 38 of the Federal Rules of Appellate Procedure for filing a frivolous appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). We review the district court's conclusions of law de

---

[2] For the sake of simplicity, we refer to appellants collectively as "Dahiya."

2

novo and its findings of fact for clear error. *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 212 (2d Cir. 2004).

Dahiya argues as a threshold matter that the bankruptcy court lacked the authority to sanction pursuant to 28 U.S.C. § 1927 and its inherent authority to sanction. We need not reach the issue of whether bankruptcy courts possess the inherent authority to sanction attorneys. *But see Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) (noting that a bankruptcy court "may . . . possess inherent power to sanction abusive litigation practices") (internal quotation marks omitted). Section 1927, standing alone, plainly endows the bankruptcy court with authority to impose the sanctions at issue. *See Baker v. Latham Sparrowbush Assoc. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 230 (2d Cir. 1991) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[a]n attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'") (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)).

We similarly reject Dahiya's sweeping argument that the very existence of bankruptcy courts violates the Appointments Clause of the Constitution. *See* U.S. Const. art. II, § 2, cl. 2; *Edmond v. United States*, 520 U.S. 651, 663 (1997) (stating it is "evident that 'inferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate").

We next address the appropriateness of the sanctions imposed in this case. In order to impose sanctions under Section 1927, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d

3

393, 395−96 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). We review a bankruptcy court's imposition of sanctions for abuse of discretion. *Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.)*, 279 F.3d 148, 151−52 (2d Cir. 2002) (explaining that "[w]e review *de novo* the District Court's review of the Bankruptcy Court's decision to impose sanctions"). A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.* at 152.

Upon an independent review of the record and relevant case law, we find no abuse of discretion in the bankruptcy court's imposition of sanctions here. We agree with the district and bankruptcy courts that Dahiya's counterclaims for abuse of process and an unspecified "constitutional tort" were not colorable claims. As to Dahiya's abuse of process claim, the record does not show that Kramer sought to obtain a collateral objective outside the legitimate ends of any regularly issued process, regardless of what constitutes the relevant "process" here. *See Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (setting forth abuse of process elements). Similarly, the bankruptcy court did not err in concluding that Dahiya's "confused, ambiguous, vague, and otherwise unintelligible," claim for a "constitutional tort" was lacking in merit. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation marks omitted).

We likewise find no abuse of discretion in the bankruptcy court's finding of bad faith. The bankruptcy court noted Dahiya's general pattern of groundless litigation in the bankruptcy courts, premised not on actual disputes with the actions of trustees but rather on frivolous, obstructive objections to the bankruptcy system. *Cf. Gollomp v. Spitzer*, 568 F.3d 355, 369 (2d Cir. 2009) (noting, in the context of a finding of bad faith, that "the record demonstrates that several courts

had already instructed plaintiff's counsel that similar claims against New York State were barred by the Eleventh Amendment"). In addition, the bankruptcy court noted the significant delay in the resolution of the underlying bankruptcy proceeding occasioned by Dahiya's filing of the counterclaims. *See Oliveri*, 803 F.2d at 1272 ("Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.") (internal quotation marks and brackets omitted). In light of these conclusions, we find no abuse of discretion in the bankruptcy court's finding of bad faith.

Finally, we deny Kramer's motion for sanctions. Although Dahiya's arguments on appeal lack merit, some at least are not frivolous, and they have not "multiplie[d] the proceedings . . . unreasonably and vexatiously." *See* 28 U.S.C. § 1927; *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory Ltd.*, 682 F.3d 170, 180 (2d Cir. 2012).

We have considered Dahiya's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk