16-1408-bk

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand seventeen.

PRESENT:  JON O. NEWMAN,
JOSÉ A. CABRANES,
GERARD E. LYNCH,
    *Circuit Judges.*

---

IN RE: JJE & MM GROUP LLC,

    *Debtor,*          16-1408-bk

---

NOSON KOPEL,

    *Appellant.*

---

**FOR PLAINTIFF-APPELLANT:**    Noson A. Kopel, *pro se*, Brooklyn, NY.

Appeal from the May 3, 2016 and August 2, 2016 orders of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*; Carla E. Craig, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **VACATED** and **REMANDED** for further proceedings consistent with this order.

1

Appellant Noson Kopel, an attorney proceeding *pro se*, represented JJE & MM Group LLC ("JJE") when it filed a second Chapter 11 petition after the Bankruptcy Court had dismissed its first petition months earlier and barred JJE from filing a new petition for one year. The dismissal order provided that it was "without prejudice to the Debtor's right to seek modification of [that] order" in the event of a change of circumstances enabling the Debtor to reorganize. Kopel did not seek leave of court to file the second petition.

The Bankruptcy Court, *sua sponte*, ordered Kopel to show cause (1) why he should not be held in contempt and sanctioned for violating the earlier dismissal order, and (2) why he should not be sanctioned pursuant to Bankruptcy Rule 9011(c) for violating Bankruptcy Rule 9011(b) by filing the second petition. In response, Kopel stated that he had filed the Chapter 11 petition on an "emergency" basis, based on JJE's representation that certain property (JJE's sole assets) would be sold at foreclosure that afternoon, but that JJE had a contract to sell the property at more than the outstanding secured debt, resulting in a change of circumstances that would allow it to reorganize. Kopel conceded that he had not carefully read the petition and attached affidavit, which was prepared by JJE's manager or her prior counsel, and stated only that JJE could file a new petition in the case of changed circumstances. Kopel also stated that because he had not represented JJE during the initial bankruptcy proceedings, he was not aware of the first dismissal order. After several hearings, the Bankruptcy Court held Kopel in civil contempt and later imposed a compensatory sanction requiring payment to the attorney for 1354 Realty Associates, LLC, a secured creditor, in the amount of $9,786.67, which included the creditor's legal fees and advertising expenses, for violating the first dismissal order. The Bankruptcy Court made no determination with respect to the portion of the show cause order concerning a sanction imposed pursuant to Bankruptcy Rule 9011(c).

The District Court entered judgment affirming the Bankruptcy Court's orders finding Kopel in civil contempt and imposing compensatory sanctions, and denied Kopel's request for reconsideration. Although the Bankruptcy Court had imposed sanctions as a remedy for a finding of civil contempt, the District Court gave no consideration to the propriety of a civil contempt finding and instead considered solely the appropriateness of sanctions pursuant to Bankruptcy Rule 9011(c) for a violation of Bankruptcy Rule 9011(b). It reasoned that the Bankruptcy Court had acted within its discretion when it imposed sanctions because Kopel's actions were unreasonable and he had violated Bankruptcy Rule 9011. Kopel now appeals.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Specifically, Kopel appeals the District Court's Corrected Memorandum Decision and Order of May 3, 2016 affirming the Bankruptcy Court's orders for contempt and sanctions, and the District Court's Memorandum and Order of August 2, 2016 denying his motion for reconsideration.

We undertake an "independent examination" of all factual findings and legal conclusions of a bankruptcy court, including a decision whether to issue a contempt order; but we review a bankruptcy court's imposition of sanctions for abuse of discretion. *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010). "[A] bankruptcy court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002) (internal quotation marks and alterations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Bankruptcy courts are vested with inherent *sua sponte* contempt power and may issue a contempt order after notice and hearing. 11 U.S.C. § 105(a); Fed. R. Bankr. P. 9020. A party may be held in contempt if (1) there is a "specific and definite" court order which that party has violated, and (2) the party had actual knowledge of the order. *See Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 51 (2d Cir. 1976). While bankruptcy courts can impose compensatory sanctions for civil contempt, *see In re Chateaugay Corp.*, 920 F.2d 183, 187 (2d Cir. 1990), a bad faith finding is required "when a court imposes attorney's fees as a sanction, or when the court sanctions an attorney for conduct that is integrally related to the attorney's role as an advocate for his or her client." *United States v. Seltzer*, 227 F.3d 36, 40 (2d Cir. 2000) (collecting cases); *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (holding that attorney's fees award was not justified because the court found only that the sanctioned party acted with "excusable neglect").

Sanctions may also be imposed for a violation of Bankruptcy Rule 9011. Fed. R. Bankr. P. 9011(c). Rule 9011 parallels Rule 11 of the Federal Rules of Civil Procedure, which governs attorney sanctions; accordingly, Rule 11 case law informs the interpretation of Rule 9011. *In re Highgate Equities, Ltd.*, 279 F.3d at 151. A finding of subjective bad faith on the part of the attorney is required to impose Rule 11 sanctions *sua sponte*. *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108–09 (2d Cir. 2013).

On appeal, Kopel faults the District Court for affirming the civil contempt finding while considering only the standards applicable to a violation of Bankruptcy Rule 9011(b). For example, he contends that had the District Court applied civil contempt standards, it would have had to recognize that, as a non-party in the bankruptcy proceedings, he could be in contempt only as an aider or abettor of a contempt, *see Levin v. Tibur Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002), and there has been no finding that the debtor, for whom the second petition was filed, has been held in contempt. He also contends that he could not be held in civil contempt for violating the order barring JJE from filing a bankruptcy petition for one year because he lacked knowledge of that order.

Upon review of the record, we conclude that the Bankruptcy Court erred by holding Kopel in civil contempt *sua sponte* and imposing sanctions because it made no finding of bad faith. The Bankruptcy Court stated that "I don't think I have to conclude that there was . . . intent in order to

3

conclude that sanctions are appropriate." A33. Similarly, the District Court upheld the sanctions because of Kopel's "wholly unreasonable behavior in filing for bankruptcy . . . in the face of an order prohibiting his client from making such a filing. It does not matter whether he did so purposefully, or whether, as he claims, he blindly filed documents without bothering to read them." A51–52. Both the Bankruptcy Court and the District Court thus expressly avoided making any finding of bad faith. Absent such a finding, Kopel's carelessness alone cannot support the Bankruptcy Court's *sua sponte* sanctions under its contempt power.

The infirmity of the civil contempt finding, however, does not necessarily mean that compensatory sanctions could not have been imposed pursuant to Bankruptcy Rule 9011(c). The Bankruptcy Court's show cause order alerted Kopel to the fact that he faced such sanctions. However, the Bankruptcy Court made no determination of a Bankruptcy Rule 9011(b) violation. Under these circumstances, we vacate the finding of civil contempt and remand to the District Court with directions to remand to the Bankruptcy Court for consideration of the imposition of compensatory sanctions pursuant to Bankruptcy Rule 9011. If the Bankruptcy Court on remand acts to impose such sanctions *sua sponte*, a bad faith finding will be necessary. *See Muhammad*, 732 F.3d at 108–09. If the Bankruptcy Court considers sanctions sought by 1354 Realty or its attorney, the relevant Rule 11 standards should be applied.

Kopel additionally argues that he was improperly denied oral argument in the District Court. Given our disposition of this matter, we need not reach this argument.

**CONCLUSION**

For the foregoing reasons, we **VACATE** the May 3, 2016 and August 2, 2016 orders of the District Court, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4