# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand nineteen.

PRESENT:
>   JOHN M. WALKER, JR.,
>   SUSAN L. CARNEY,
>   RICHARD J. SULLIVAN,
>       *Circuit Judges.*

---

**In re Alba Sanchez,**

>       *Debtor.*

---

**Kenneth Rosellini,**

>       *Appellant,*

>   v.                                                                 **18-679**

**United States Bankruptcy Court for the
Eastern District of New York,**

>       *Appellee.*

---

**FOR APPELLANT:**                              Kenneth Rosellini, Esq., pro se,
                                                Clifton, NJ.

**FOR APPELLEE:**                                            No appearance.

Appeal from orders of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court dated May 19, 2017, and February 6, 2018, are **AFFIRMED**.

Appellant Kenneth Rosellini, an attorney proceeding pro se, appeals the district court's orders (1) affirming the bankruptcy court order imposing sanctions on him for failure to prosecute and failure to appear at hearings as directed by the court, and (2) denying Rosellini's motion to vacate those sanctions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). We review a bankruptcy court's sanctions order for abuse of discretion. *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 91 (2d Cir. 2010). In doing so, we examine the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Id.*

Although Rosellini does not challenge the bankruptcy court's inherent authority to impose sanctions, we have an independent obligation to consider whether, as a jurisdictional matter, bankruptcy courts have this authority. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

2

541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." (internal quotation marks omitted)).   For the reasons set forth in an opinion filed together with this summary order, we hold that bankruptcy courts possess such authority.   Thus, we proceed to address Rosellini's challenges to the bankruptcy court's exercise of its inherent sanctioning authority here.

1.      Rosellini principally argues that the bankruptcy court erred in imposing sanctions under its inherent authority without finding that he acted in bad faith.   He is incorrect that any bad faith finding is a necessary predicate to a sanctions order. A court "need not find bad faith before imposing a sanction under its inherent power" for "misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit."   *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *see also Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001) (a court may exercise its inherent authority to sanction an attorney who has acted in bad faith *or* "has negligently or recklessly failed to perform his responsibilities as an officer of the court").

Rossellini points in support of his position to our non-precedential summary order in *In re JJE & MM Grp. LLC*, 692 F. App'x 43, 45 (2d Cir. 2017). That decision does not aid him. There, we held only that "a bad faith finding is required . . . when the court sanctions an attorney for conduct that is integrally related to the attorney's role as an advocate for his or her client" or for a violation of Bankruptcy Rule 9011. *Id.* (internal quotation marks omitted). Neither circumstance is presented here.   Rather, the bankruptcy court sanctioned Rosellini for failing to fulfill his responsibility as an officer of the court to comply with the court's orders and appear as directed. He has not provided any reason to conclude that his failure to prosecute and failure to appear were

3

"undertaken for the client's benefit" or otherwise "integrally related" to his role as an advocate. *Seltzer*, 227 F.3d at 42; *In re JJE & MM Grp. LLC*, 692 F. App'x at 45. Nor was Bankruptcy Rule 9011, which concerns representations made to the court, at issue. The bankruptcy court therefore was free to impose sanctions on Rosellini for noncompliance without finding that he acted in bad faith.

2.    Rosellini's remaining challenges to the bankruptcy court's orders are all either forfeited or meritless. Rosellini did not argue in the bankruptcy court that the sanctions order should be vacated because (a) the court failed to specify the authority under which it acted; (b) failed to identify a provision of the Bankruptcy Code that he had violated; or (c) failed to hold a hearing before imposing sanctions. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) (explaining that this Court generally does not consider issues raised for the first time on appeal). Rosellini appropriately conceded before the bankruptcy court that he "was not aware of [the court's orders]," and acknowledged that his unawareness was his own fault.

The record reflects that the court mailed notice of two of the hearings for which Rosellini failed to appear to the address that Rosellini provided to the court, and which Rosellini later confirmed was his current address. And even if he had not been mailed notice of the hearings that he did not attend, an attorney is responsible for monitoring the court's docket in cases that he or she is prosecuting. Notice of each of the show-cause hearings was available on the court's docket, as the district court noted in affirming the bankruptcy court's order. *See In re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013) ("[C]ounsel of record . . . [is] directly responsible for ensuring his cases [are] proceeding in due course, even if his employees or the Court failed to inform him of deadlines, Court directives, or other important information."); *Mennen Co. v. Gillette Co.*, 719

4

F.2d 568, 570 (2d Cir. 1983) ("[I]t is customarily the duty of trial counsel to monitor the docket and to advise himself when the court enters an order against which he wishes to protest.").

Accordingly, the bankruptcy court did not abuse its discretion in concluding that Rosellini lacked an adequate excuse for his repeated failures to comply with the court's orders to appear, and in imposing sanctions.

We have considered Rosellini's remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the orders of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court

5